UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-22378-CIV-SEITZ/O'SULLIVAN

MORGAN STANLEY MORTGAGE
CAPITAL HOLDINGS LLC, et al.,

        Plaintiff,

v.

AMERIMORTGAGE BANKERS LLC,

        Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO DEFENDANT'S AMENDED COUNTERCLAIM

THIS MATTER is before the Court on Plaintiff Morgan Stanley Mortgage Capital Holdings LLC's Motion for Summary Judgment as to Defendant's Amended Counterclaim [DE-37]. Defendant Amerimortgage Bankers LLC alleges that Plaintiff breached its contractual obligation to purchase five loans Defendant funded and intended to sell to Plaintiff ("the five loans") [DE-24, ¶¶ 8, 11, 19]. Plaintiff has moved for summary judgment, arguing that it did not breach its contract with Defendant because, as the undisputed material facts demonstrate, Plaintiff was not obligated to purchase the five loans.

The Court has carefully reviewed the Plaintiff's motion, supporting documentation, and the record, and finds that there is no dispute as to the material facts.[1] Record evidence shows that Plaintiff was not obligated to purchase the five loans because none of the loans met the contractually agreed-upon criteria. Thus, Plaintiff did not breach the parties' contract by not purchasing the five loans. Therefore, the Court shall grant Plaintiff's motion for summary judgment as to Defendant's counterclaim.

---

[1] Defendant did not respond to the instant motion. Nevertheless, the Court thoroughly reviewed Plaintiff's motion and supporting documentation to ensure all material facts are supported by the record.

The parties entered a contract ("the Seller Agreement") [DE-38-2] under which Plaintiff agreed to purchase from Defendant certain mortgage loans that met every requirement set forth in the Seller's Guide. (Seller Agreement §§ 1.01, 8.01.) Pursuant to the Seller Agreement, Plaintiff retained "sole and absolute discretion" to approve or reject any loan. (Seller Agreement § 3.01.) The Seller's Guide reiterated Plaintiff's "right to approve or reject any loan for purchase, in its sole and absolute discretion." (Seller's Guide § 300.3 (filed at DE-31 under seal, per DE-33).)

Loan approval under the Seller Agreement was a multi-step process: First, Defendant submitted a loan via Plaintiff's "RAPID ANSWERS℠ System" ("the System") for Plaintiff's consideration. (Interlandi Aff.[2] ¶ 5.) Upon submission of the required data, Defendant received an automatically-generated Eligibility Requirements document which confirmed the data had been entered and "locked-in" the pricing terms on which Plaintiff would purchase the loan - *if* Plaintiff decided to purchase the loan. (*Id.* ¶¶ 7-8.) Each Eligibility Requirements document included a disclaimer in bold type stating "THIS DOCUMENT IS NOT A LOAN APPROVAL OR CREDIT DECISION ... All loans are subject to comprehensive due diligence and approval to purchase... ." (*Id.* ¶ 7.) The Eligibility Requirements document noted the period of time the pricing terms would be available and during which Defendant must both accept the pricing terms and submit the loan's credit file to enable Plaintiff to conduct an internal review. (*Id.* ¶¶ 8-9.) If the "lock-in" period expired before Defendant accepted the pricing terms and submitted the credit file, the terms of the loan were no longer valid unless Defendant sought to renew them. (*Id.* ¶ 9.) If Defendant did timely accept the pricing terms and submit the credit file, Plaintiff conducted its own due diligence to determine whether it would purchase the loan. (*Id.*) If Plaintiff decided to purchase the loan, Plaintiff

---

[2] "Interlandi Aff." refers to the affidavit of Stacey Interlandi [DE-38], submitted in support of Plaintiff's Motion for Summary Judgment.

provided Defendant a written commitment; unless Plaintiff issued a written commitment, it was not obligated to purchase the loan. (Seller Agreement § 8.01.)

Defendant failed to submit the credit file for three of the five loans before their "lock-in" period expired and did not seek to renew their terms. (Interlandi Aff. ¶¶ 11, 13; Ex. 3 ("Eligibility Requirement Documents," filed at DE-31 under seal, per DE-33).) Plaintiff exercised its right to reject the other two of the five loans because they did not meet the criteria set forth in the Seller's Guide. (*Id.* ¶ 12; Seller's Guide § 310.3 and referenced FNMA forms.) Plaintiff did not issue a written commitment for any of the five loans. [DE-37, p. 17.] As such, Plaintiff was not obligated to buy any of the five loans and Plaintiff's decision not to purchase the five loans did not breach any contract between the parties. Accordingly, it is hereby

ORDERED that:

(1) Plaintiff's Motion for Summary Judgment as to Defendant's Amended Counterclaim [DE-37] is GRANTED; and

(2) Defendant's Amended Counterclaim is DISMISSED WITH PREJUDICE.

DONE and ORDERED in Miami, Florida, this 4th day of June, 2008.

*Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record